UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. TAYLOR,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 13-cv-12926
Honorable Laurie J. Michelson
Magistrate Judge  Mona K. Majzoub

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [18], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14], AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

---

Plaintiff Michael D. Taylor seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits. (Dkt. 1.) Before the Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation to Deny Plaintiff's Motion for Summary Judgment (Dkt. 14) and Grant Defendant's Motion for Summary Judgment (Dkt. 16). (Dkt. 18, R&R.) At the conclusion of her report, the Magistrate Judge notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R&R at 15.) No party has filed timely objections.

The R&R concludes that Taylor has waived any claim on review due to the lack of specificity in his brief and that, in the alternative, Taylor's purported claim of error regarding the ALJ's credibility determinations fails because those determinations were supported by substantial evidence. (R&R at 10–14.) Taylor appears to argue that the ALJ's credibility

determinations were not supported by substantial evidence because "[t]he ALJ here concentrated on the parts of the record where Plaintiff was found to have made improvement. Improvement compared to what?" (Pl.'s Mot. at 5.)

The Court agrees that Taylor has waived review of the ALJ's credibility determination because Taylor has not presented any "effort at developed argumentation" on this issue. *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003). As discussed in the R&R, his motion contains no citations to the Administrative Record and the majority of his argument consists of a block quotation from an unpublished Western District of Washington decision. (Pl.'s Mot. at 4.) The Western District of Washington case criticized an ALJ's findings on the claimant's credibility because they "can be found in almost identical form in almost every Social Security Administration ALJ decision that comes before this Court." *Emmons v. Astrue*, No. 11-CV-5108, 2012 WL 2005070, at *5 (W.D. Wash. Apr. 19, 2012), report and recommendation adopted, 2012 WL 2003499 (W.D. Wash. June 5, 2012).

Plaintiff seemingly believes that the ALJ committed a similar error here: "Despite the overwhelming evidence in the record the Plaintiff has good reason to complain of pain and inability to comprehend which results in the inability to perform gainful activity, the Administrative Law Judge found to the contrary." (Pl.'s Mot. at 4.) Unfortunately, Taylor does not identify the purported evidence in his brief: he presents neither citations to the Administrative Record nor even any assertions regarding the evidence he believes weighs in his favor. Taylor cannot leave it to the Court to develop his arguments and search the record for evidence to support his claims. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

The R&R also recommends that even in the absence of waiver, Plaintiff's motion be denied and the Defendant's motion be granted because the ALJ's credibility determination was

2

supported by substantial evidence. More specifically, the R&R concludes that the ALJ properly considered the factors set forth in 20 C.F.R. 416.929(c)(3) in evaluating Taylor's credibility. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citing *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 463 (6th Cir.1987)). Such assessments must be supported by substantial evidence, however. *Id.* Here, the ALJ's analysis was appropriate and was supported by substantial evidence. And, as discussed in the R&R, Taylor does not explain why he believes a different conclusion was warranted.

Having reviewed the Report and Recommendation, and there being no timely objections, the Court **ADOPTS** the Report and Recommendation as the findings and conclusions of this Court. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). It follows that the Court hereby **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED**.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 16, 2014.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

3